# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| **COREY ADAMS,**<br><br>　　　　Plaintiff,<br><br>v.<br><br>**WAL-MART ASSOCIATES, INC.,**<br><br>　　　　Defendant. | **CIVIL ACTION NO.:**<br>**2:24-CV-00045-SCJ** |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1. Description of Case:

    (a) Describe briefly the nature of this action.

    Plaintiff asserts claims against the Defendant for damages and equitable relief pursuant to the Fair labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.*

    (b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Plaintiff's Summary:**

　　　Plaintiff alleges that Defendant failed to pay him premium wages for overtime worked. Defendant, an experienced employer, knew or should have known that Plaintiff's position did not meet the standards for any exemption under the FLSA but insisted and continues to insist that it was exempt from paying Plaintiff premium

wages. To date, Defendant has not qualified the type of exemption it is claiming in the case of Plaintiff if indeed an exemption is its defense.

**Defendant's Summary:**

Defendant denies that Plaintiff was misclassified, denies that Plaintiff was not appropriately paid under applicable law, and denies Plaintiff's claims.

(c) The legal issues to be tried are as follows:

**Plaintiff:**

Whether Defendant can show that it was exempt from paying Plaintiff overtime wages.

Whether Plaintiff is entitled to unpaid premium wages, liquidated damages and other relief;

Whether Defendant can show that Plaintiff did not work overtime; and

Whether any of Plaintiff's claims are barred or limited by Defendant's defenses.

**Defendant:**

Whether Plaintiff can show he was improperly classified as exempt;

Whether Plaintiff appropriately mitigated any alleged damages;

Whether Plaintiff is entitled to damages and other relief;

Whether any of Plaintiff's claims are barred or limited by Defendant's defenses.

  (d) The cases listed below (include both style and action number) are:

    (1) Pending Related Cases:

    <u>None</u>.

    (2) Previously Adjudicated Related Cases:

    <u>None</u>.

2. This case is complex because it possesses one or more of the features listed below (please check):

   \_\_\_\_ (1) Unusually large number of parties

   \_\_\_\_ (2) Unusually large number of claims or defenses

   \_\_\_\_ (3) Factual issues are exceptionally complex

   \_\_\_\_ (4) Greater than normal volume of evidence

   \_\_\_\_ (5) Extended discovery period is needed

   \_\_\_\_ (6) Problems locating or preserving evidence

   \_\_\_\_ (7) Pending parallel investigations or action by government

   \_\_\_\_ (8) Multiple use of experts

   \_\_\_\_ (9) Need for discovery outside United States boundaries

   \_\_\_\_ (10) Existence of highly technical issues and proof

   \_\_\_\_ (11) Unusually complex discovery of electronically stored information

3. Counsel:

The following individually-named attorneys are hereby designated as lead counsel for the parties:

    Plaintiff:

<u>Beverly A. Lucas</u>
<u>LUCAS & LEON, LLC</u>
<u>Post Office Box 752</u>
<u>Clarksville, GA 30523</u>
<u>Telephone:  (706) 754-2001</u>
<u>Facsimile:   (706) 754-8085</u>
<u>beverly@lucasandleon.com</u>

    Defendant:

<u>Alyssa K. Peters</u>
<u>CONSTANGY, BROOKS, SMITH & PROPHETE, LLP</u>
<u>Highridge Centre</u>
<u>3920 Arkwright Road</u>
<u>Suite 375</u>
<u>Macon, GA 31210</u>
<u>Telephone:  (478) 750-8600</u>
<u>Facsimile: (478) 750-8686</u>
<u>apeters@constangy.com</u>

<u>David N. Korsen</u>
<u>CONSTANGY, BROOKS, SMITH & PROPHETE, LLP</u>
<u>230 Peachtree St., N.W.</u>
<u>Suite 2400</u>
<u>Atlanta, GA 30303</u>
<u>(404) 525-8622</u>
<u>dkorsen@constangy.com</u>

4. Jurisdiction:

Is there any question regarding this Court's jurisdiction?

    __ Yes     **X** No

If "yes", please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. Parties to This Action:

    (a) The following persons are necessary parties who have not been joined:

        <u>None</u>.

    (b) The following persons are improperly joined as parties:

        <u>None</u>.

    (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

        <u>Not applicable.</u>

    (d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:

**Plaintiff:** None at this time but Plaintiff reserves the right to amend with permission of the Court should an amendment become necessary.

**Defendant:** None at this time.

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. Filing Times For Motions:

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by Court order. Local Rule56.1

  (c) *Other Limited Motions*: Refer to LRs 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

  (d) *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

<u>The Parties agree to serve Initial Disclosures on or before December 19, 2024</u>.

9. Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

<u>None at this time but parties reserve the right to make such a request should the Court's assistance become necessary.</u>

10. Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

<u>The Parties anticipate discovery on all aspects of Plaintiffs' claims and Defendant's defenses, as well as Plaintiffs' alleged damages. The Parties agree to cooperate in good faith in scheduling depositions. The Parties anticipate depositions will be scheduled following the Parties' receipt of adequate responses to written discovery.</u>

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or limited or focused upon particular issues, please state those reasons in detail below:

<u>If a further extension is needed, the parties will confer and move the court to grant the necessary extension.</u>

11. Discovery Limitation and Discovery of Electronically Stored Information:

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed:

<u>None</u>.

(b)  Is any party seeking discovery of electronically stored information?

<u>X</u> Yes          ____ No

If "yes,"

(1)  The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

<u>The parties do not anticipate that the amount of ESI that will be produced in discovery will be extensive. Counsel for the parties have agreed to limit the scope of production of relevant ESI in a manner that ensures thorough production yet imposes the least financial burden on the parties.  Defendant has proposed an ESI Production Protocol and Plaintiff has not had sufficient time in which to consider the terms of said agreement.</u>

(2)  The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

<u>Defendant has proposed an ESI Production Protocol and Plaintiff has not had sufficient time in which to consider its terms.</u>

12. Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

<u>Defendant has proposed a Consent Protective Order and Plaintiff has not had sufficient time in which to consider the terms of said Order. The parties will subsequently confer regarding entry of the same pursuant to Local Rules and the Court's applicable Scheduling Order.</u>

13. Settlement Potential.

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on November 12, 2024, and that they did not participate in substantive settlement discussions as Plaintiff has not yet conveyed an initial demand. Other persons who participated in the settlement discussions are listed according to party.

<u>Plaintiff:</u>   <u>Beverly A. Lucas</u>
<u>Defendant:</u>   <u>David N. Korsen</u>

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

   (_____)   A possibility of settlement before discovery.
   (__X___)   A possibility of settlement after discovery.
   (_____)   A possibility of settlement, but a conference with the judge is needed.
   (_____)   No possibility of settlement.

(c) Counsel (_**X**_) do or (___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is **after exchange of written discovery.**

(d) The following specific problems have created a hindrance to settlement of this case.

Not applicable.

14. Trial by Magistrate Judge:

> Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (__) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____ of 20__.

(b) The parties (_**X**_) do not consent to having this case tried before a magistrate judge of this Court.

This 26th day of November, 2024.

| | |
|---|---|
| Lucas & Leon, LLC | CONSTANGY, BROOKS, SMITH & PROPHETE, LLP |
| /s/ Beverly A. Lucas<br>BEVERLY A. LUCAS<br>Georgia Bar No. 427692<br>P.O. Box 752<br>Clarkesville, Georgia 30523<br>Telephone: (706) 754-2001<br>beverly@lucasandleon.com<br><br>*Attorney for Plaintiff* | /s/ David N. Korsen<br>DAVID N. KORSEN<br>Georgia Bar No. 845200<br>230 Peachtree St., N.W.<br>Suite 2400<br>Atlanta, GA 30303<br>(404) 525-8622<br>dkorsen@constangy.com<br><br>/s/ Alyssa K. Peters<br>ALYSSA K. PETERS<br>Georgia Bar No. 455211<br>Highridge Centre<br>3920 Arkwright Road<br>Suite 375<br>Macon, GA 31210<br>Telephone: (478) 750-8600<br>apeters@constangy.com<br><br>*Attorneys for Defendant* |

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____
_____
_____

IT IS SO ORDERED, this _____ day of _____, 2024.

_____
UNITED STATES DISTRICT JUDGE